AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| DANIEL SCOTSROSS | )   Case No.   1:20-MJ-390 (DJS) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On

or about the date of July 22, 2020 in the county of Schenectady in the Northern District of New York the defendant

violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, U.S.C. Sections 846, 841(a)(1), and 841(b)(1)(C) | Attempted Possession with Intent to Distribute a Schedule I controlled substance, N-dimethyltryptamine ("DMT") |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒   Continued on the attached sheet.

_____
*Complainant's signature*

Michael Koscielniak, Special Agent, HSI
_____
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:  July 23, 2020

_____
*Judge's signature*

City and State:   Albany, New York

Hon. Daniel J. Stewart, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael Koscielniak, Special Agent, Homeland Security Investigations, being duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2.      I have been a Special Agent with HSI since May 2005.  I am a graduate of the Criminal Investigator Training Program taught at the Federal Law Enforcement Training Center in Glynco, Georgia.  Prior to that, I was a State Trooper for the Vermont State Police for approximately four years.  I am familiar with the methods and techniques used by traffickers of illicit narcotics and pharmaceuticals to transport controlled substances via the U.S. Mail and avoid detection by the United States Postal Service ("USPS"). I have personally been involved in the delivery of packages containing narcotics on over fifty prior occasions.  As an HSI Special Agent I am authorized to seek and execute federal arrest and search warrants for Title 21 offenses.

3.      Through my training and experience, as well as through discussions with other law enforcement agents, I have become familiar with narcotics smuggling schemes and the laws relating to narcotics smuggling, the laws relating to in-bound smuggling, the interpretation and application of federal laws, and federal court procedures.

4.     This affidavit is intended to show merely that there is probable cause for a complaint, and consequently it does not set forth all of my knowledge about the matters under investigation.  Where statements of others are related in this affidavit, they are related in substance and in part.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that Daniel ScotsRoss (hereinafter, "SCOTSROSS") has committed a violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(C), by attempting to possess with the intent to distribute a Schedule I controlled substance, N-dimethyltryptamine ("DMT").

## BASIS FOR PROBABLE CAUSE

5.     On July 13, 2020, a package bearing tracking number CD761021241NL, addressed to SCOTSROSS at SCOTSROSS's residence in Schenectady, New York ("Suspect Package") was seized and searched by U.S. Customs and Border Protection (CBP) at the CBP International Mail Facility in San Francisco, California.  The Suspect Package was found to contain a red bark inside plastic bags.  The bark was field tested by CBP agents and tested positive for lysergic acid diethylamide ("LSD").  The bark was weighed by law enforcement and was found to weigh approximately 10,133 grams.  The bark was then transferred to HSI Albany on July 16, 2020.  On July 16, 2020, your affiant conducted a field test of the bark which was positive for DMT.  In my training and experience, DMT can also test positive for LSD as they both contain hallucinogens.

6.     On July 22, 2020, your affiant removed the controlled substance from the Suspect Package and replaced it with an inert substance resembling the bark-like controlled substance ("sham"). HSI and United States Postal Inspection Service (USPIS) then conducted a controlled delivery of the Suspect Package containing sham to SCOTSROSS's residence. SCOTSROSS accepted the package and brought the package into his residence. HSI agents then executed a search warrant at SCOTSROSS's residence, where law enforcement found SCOTSROSS and a

2

female individual who identified herself as SCOTSROSS's fiancé. Inside of SCOTSROSS's residence, law enforcement recovered the Suspect Package, along with numerous liquid substances, including VM&P Naphtha, several gallons of Vinegar, several gallons of a high PH liquid believed to be lye, and paraphernalia such as straining devices, filters, dozens of mason jars, empty plastic containers, and a freezer, which based on my training and experience, are all used to manufacture and process DMT and LSD. Law enforcement also recovered two mason jars, one with a powdery residue that field tested positive for LSD, and a 64 ounce mason jar in the freezer that was approximately half full with a concentrated liquid that also field tested positive for LSD.

7.       Based on my training and experience, and my conversations with law enforcement agents at HSI and the Drug Enforcement Administration, I know that individuals attempting to manufacture DMT or LSD often import Mimosa Hostillis root bark into the United States. Individuals often conceal the identity of the DMT in root bark to avoid detection by law enforcement and customs officials. This substance is then broken down by grinding, adding lye, Naptha, and freezing the substance. The substance is then filtered, cooled and filtered again to produce pure DMT powder.   All of the components to complete this extraction process were discovered inside SCOTSROSS's residence.  Further, based on my training and experience, the amount of bark contained within the Suspect Package being over ten kilograms, along with the presence of substances used to manufacture DMT and LSD for distribution inside of SCOTSROSS's residence, indicate that DMT or LSD was intended to be extracted from the bark for the purpose of distribution, rather than for personal use.

8.       Based on the foregoing, there is probable cause to conclude that SCOTSROSS has violated Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C) (Attempted

3

Possession with Intent to Distribute a Controlled Substance) by knowingly and intentionally attempting to possess with the intent to distribute a Schedule I controlled substance, DMT.

**Attested to by the affiant.**

Michael Koscielniak, Special Agent
Homeland Security Investigations

**I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on** July 23, 2020 **, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.**

Hon. Daniel J. Stewart
UNITED STATES MAGISTRATE JUDGE